Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Marco Andrade Rios*

# UNITED STATES DISTRICT COURT
# IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANDRADE RIOS,<br><br>Plaintiff,<br><br>v.<br><br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No.: 2:21-cv-00265<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. CAL. CIV. CODE § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Marco Andrade Rios ("Plaintiff" or "Mr. Andrade Rios"), by and through his attorneys, alleges the following against Defendant Citibank, N.A. ("Citi" or "Defendant"):

**INTRODUCTION**

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

4.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. 1331.

5.      Supplemental Jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## **PARTIES**

7.      Plaintiff is a natural person residing in California.

8.      Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

9.      Defendant is a "debt collector" as defined by  Cal. Civ. Code §1788.2(c).

10.      Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

11.      Defendant is a global bank that provides credit cards, loans, banking and other financial services to consumers. Defendant can be served at its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    Defendant is attempting to collect an alleged debt from Plaintiff.

14.    In or around June 2020, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number ending in 6704.

15.    On or about June 2, 2020, Plaintiff answered a call from Defendant. After picking up the call, Plaintiff noticed an unusually long delay and recalls hearing a series of beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

16.    The representative indicated that Defendant was attempting to collect a debt.

17.    Plaintiff apologized because he was not able to make a payment, explained that he had been out of work for the last few months, and that the COVID-19 global pandemic had made his situation much worse.

18.    Further, Plaintiff requested to be contacted through the mail only.

19.    Despite explaining his current situation, that he was out of work, that he was affected by the global pandemic and that he wanted to be contacted through

the mail only, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone.

20.     Defendant went so far as calling Plaintiff multiple times on June 3, 2020, the day after Plaintiff explained his hardship and requested to be contacted through the mail only.

21.     Between June 2, 2020 and October 31, 2020, Defendant called Plaintiff on his cellular phone approximately four hundred and twenty (420) times.

22.     Defendant went as far as calling Plaintiff on his cellular phone up to eight (8) times in one day.

23.     Upon information and belief, Defendant also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendant was attempting to collect a debt from him, causing Plaintiff additional embarrassment and distress.

24.     Upon information and belief, Defendant called Plaintiff and delivered prerecorded or artificial voice messages.

25.     Upon information and belief, Defendant's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

26.     Upon information and belief, the phone system used by Defendant places more calls than there are collection representatives available, resulting in more calls made to Plaintiff.

- 5 -
COMPLAINT AND DEMAND FOR JURY TRIAL

27.     Upon information and belief, use of the automated telephone dialing system by Defendant allowed Defendant to call Plaintiff more times than it otherwise would have been able to had it dialed manually, increasing the harassing nature of the calls.

28.     Upon information and belief, Defendant's phone system is capable of placing tens of thousands of automated phone calls a day.

29.     Upon information and belief, Defendant's representatives did not review Plaintiff's account notes and/or file prior to a collection call being made to him by Defendant's automated phone system.

30.     Defendant's conduct was done willfully and knowingly.

31.     Defendant was aware that Plaintiff could not make a payment, that he was out of a job, that he was affected by the pandemic, and that he revoked consent to be called, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone.

32.     Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

33.     The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

34.     Further, the conduct was done with such frequency so as to harass Plaintiff and cause him great annoyance.

35.     Plaintiff attempted to explain his situation and request that Defendant contact him through the mail only in an attempt to get the calls to stop, however, Defendant continued to lay siege on Plaintiff's cellular phone with automated debt collection calls.

36.     Moreover, Plaintiff's wife, three children and sister all financially depend on him.

37.     The global pandemic caused Plaintiff to be out of work and caused him a great deal of emotional distress and mental pain and anguish.

38.     Defendant's incessant automated collection calls added a tremendous amount of emotional distress and mental pain and anguish to Plaintiff.

39.     Defendant's conduct is especially egregious because it knew that Plaintiff, like millions of other Americans, was significantly affected by the unprecedented and global pandemic.

40.     Plaintiff attempted to explain to Defendant the hardship he was going through in an effort to get the calls to stop, however, Defendant continued to place a significant amount of calls to Plaintiff on an almost daily basis.

41.     Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained he was not able to make a payment, that he was

COMPLAINT AND DEMAND FOR JURY TRIAL

out of work, that he was affected by the pandemic and that he wanted to be contacted through the mail only.

42. Defendant acted maliciously and subjected Plaintiff to oppression.

43. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment and humiliation.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

46.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of CAL. CIV. CODE § 1788 *et seq.*)

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

    ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

49. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

50.     Defendant was aware of Plaintiff's personal issues, that he could not make a payment, that he was out of work, that he was affected by the pandemic and that he requested to be contacted through the mail only. Despite this, Defendant continued to call Plaintiff at all hours of the day in an attempt to harass him to pay the debt.

51.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Intrusion Upon Seclusion)

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

54.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

b. The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Marco Andrade Rios, respectfully requests judgment be entered against Defendant Citibank, N.A., for the following:

A.    Statutory damages pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

B.    Declaratory judgment that Defendant violated the RFDCPA;

C.    Statutory damages pursuant to Cal. Civ. Code §1788.30(b);

D.      Actual damages pursuant to Cal. Civ. Code §1788.30;

E.      Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §1788.30(c);

F.      Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

G.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.      Any other relief that this Honorable Court deems appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 12th day of January 2021.

By: *<u>/s/ Youssef H. Hammoud</u>*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Marco Andrade Rios*